**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA ex rel.**
**MARTIN LOCEY, M.D.,**

        **Plaintiff,**

-vs-                                        Case No. 6:06-cv-564-Orl-35KRS

**DREW MEDICAL, INC.; MIKE DINKEL;**
**and CENTRAL FLORIDA RADIOLOGY,**
**INC.,,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF CHRONOLOGY (Doc. No. 66)** |
| **FILED:** | November 26, 2008 |

Plaintiff is reminded that in response to the motion the Relator must provide a privilege log containing all of the information required by my Standing Order on Privilege Logs, found online at http://www.flmd.uscourts.gov – Judicial Info – Judge Spaulding – Standing Orders – Standing Order Regarding Privilege Logs. As stated in that standing order, the Relator must also support his assertions of privilege and protections with a memorandum of law discussing the elements of each privilege or protection asserted and, an appendix containing "affidavits, deposition testimony, other sworn statements or other evidence" upon which the Relator relies to support each element of each

asserted privilege or protection in dispute. *See CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at * 5 (M.D. Fla. July 20, 1995). The appendix shall be organized so that the evidence submitted in support of the privileges or protections asserted is specifically correlated with the information or document to which the evidence applies. The privilege log, appendix and accompanying memorandum of law must be sufficient to establish a *prima facie* case to support assertion of each privilege or protection.

No party may submit documents for the Court's *in camera* review, unless the Court issues a subsequent order requesting such submissions. *See id.* (court not required to undertake *in camera* review of documents when proponent of work product doctrine has failed to meet its burden of presenting sufficient evidentiary support for application of the protection.).

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties