# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA ex rel.**
**MARTIN LOCEY, M.D.,**

      **Plaintiff,**

-vs-                                              Case No. 6:06-cv-564-Orl-35KRS

**DREW MEDICAL, INC., MIKE DINKEL,**
**and CENTRAL FLORIDA RADIOLOGY,**
**INC.,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF CHRONOLOGY (Doc. No. 66)** |
| **FILED:** | November 26, 2008 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

In this *qui tam* action brought by relator Martin Locey, M.D., and subsequently joined by the United States, Defendants Drew Medical, Inc., Mike Dinkel, and Central Florida Radiology, Inc. seek to require production of a chronology of the events underlying the complaint prepared by Locey. Locey contends that the document is protected by the attorney-client privilege and the work product doctrine. Doc. No. 71. Defendants argue that the privilege does not apply, that any applicable privilege was waived, and that they have a substantial need for the chronology sufficient to overcome

the work product protection. Doc. No. 66. Because the attorney-client privilege provides the greater protection, and I find it to be applicable, I need not discuss the work-product doctrine.

*Attorney-Client Privilege.*

In a case arising under federal law, such as the present one, federal law states the elements of the attorney-client privilege. *See Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992). In order to establish that information is protected by the attorney-client privilege, the party claiming the privilege must establish the following elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [a] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Proceedings 88-9*, 899 F.2d 1039, 1042 (11th Cir. 1990); *see also In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987)("The person invoking the privilege does bear the burden of proving its existence"). The privilege extends to communications from an attorney to his client, as well as the reverse. *United States v. Pepper's Steel & Alloys, Inc.*, Nos. 87-1306-CV, 85-0571-CV, 84-1443-CV, 86-1531-CV, 1991 WL 1302864, at * 3 (S.D. Fla. Mar. 19, 1991). "'[T]he protection of the privilege extends only to *communications* and not to facts. . . . The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such

fact into his communication with his attorney.'" *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981)(quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (1962)).

In the present case, Locey avers that he initially prepared the chronology at the direction of his son, Attorney Christopher M. Locey, for the purpose of seeking legal advice regarding a potential legal dispute with Drew Medical, Inc. and Mike Dingel. Doc. No. 71-4 ¶ 2. He subsequently provided an updated copy of the chronology to Attorney Robert Vogel in connection with his request for legal representation in the present case. *Id.* ¶ 4. Locey did not disclose the chronology to anyone other than Attorneys Locey and Vogel. Supplemental Declaration of Martin Locey, Doc. No. 84-2.

Christopher Locey avers that he did not disclose to or discuss the chronology with anyone other than Locey. Declaration of Christopher M. Locey, Doc. No. 84-3 ¶ 5.

Robert Vogel avers that he provided a copy of the chronology to counsel for the Department of Justice at her request in connection with the present *qui tam* case. Declaration of Robert Vogel, Doc. No. 70-5 ¶ 4. He did not provide a copy of the memorandum to anyone else.[1] *Id.* ¶ 6.

Andrew Skowronek, now counsel of record for the United States in the present case, avers that the Department of Justice has disclosed the chronology only to Department of Justice employees working under the supervision of counsel in the present litigation and to a law enforcement officer employed by the United States Department of Health and Human Services, Office of the Inspector General, in connection with the present litigation. Declaration of Andrew Skowronek, Doc. No. 84-4.

---

[1] Vogel specifically avers that he did not provide the chronology to counsel for the State of Florida. Doc. No. 70-5 ¶ 5. Defendants present no evidence that the chronology itself, as compared with the facts known by Locey, was disclosed to the State of Florida. *See* Doc. No. 66 at 17.

Accordingly, these facts establish that Locey, the holder of the privilege, provided the chronology to two attorneys in connection with seeking legal advice and legal representation, both of whom were acting as lawyers. The chronology contains facts communicated to the attorneys by the client without the presence of strangers for the purpose of securing an opinion of law and assistance in a legal proceeding. The communication was not for the purpose of committing a crime or tort, *see* Doc. No. 71-4 ¶ 2, and Locey has claimed the privilege.

Defendants correctly argue that even if the communication was privileged, the underlying facts set forth in the chronology are not protected by the privilege. However, those facts must be obtained through testimony or other discovery tools, not through production of the attorney-client communication. *See Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981).

Defendants also rely on cases holding that documents that were pre-existing business records do not become privileged by giving them to an attorney. *See Fisher v. United States*, 425 U.S. 391, (1976). The evidence provided to the Court establishes, however, that the chronology did not exist before Locey sought the advice of counsel. Rather, it was prepared at the direction of counsel to communicate information to counsel for the purposes of seeking legal advice. As such, it was not a pre-existing business record of the type at issue in *Fisher* and its progeny.

Accordingly, the chronology is protected by the attorney-client privilege unless that privilege was waived.

*Waiver*.

Defendants argue that Locey waived the attorney-client privilege by "'inject[ing] into the case an issue that in fairness requires an examination of otherwise protected communications.'" Doc. No.

66 at 13 (quoting *Lockheed Martin Corp. v. L-3 Comm. Corp.*, Case No. 6:05-cv-1580-Orl-31KRS, 2007 WL 2209250, at * 5 (M.D. Fla. 2007)). Specifically, they argue that Locey used the chronology to induce the United States to intervene in the case yet prevented Defendants from obtaining the documents "the Government may have relied on in making an intervention determination." Doc. No. 66. They rely on *Cox v. Admr U.S. Steel & Carnegie*, 17 F.3d 1386 (11th Cir. 1994), for support of their contention that this use of the chronology put the document and the information contained therein "at issue," thereby waiving the attorney-client privilege.[2]

In *Cox*, plaintiff union workers alleged that during negotiation of a collective bargaining agreement their union representatives covertly requested and received retroactive benefits from USX, the employing company, in exchange for agreeing to concessions that damaged the plaintiffs. *Id.* at 1392. USX consistently took the position that it believed the retroactive benefits given to the union negotiators was lawful. *Id.* at 1418. It nevertheless relied upon the attorney-client privilege with respect to communications with counsel regarding the retroactive benefits policy. *Id.* The trial court held that having affirmatively asserted its good faith defense, "USX injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege." *Id.* at 1420. The Eleventh Circuit affirmed this ruling. *Id.* at 1420.

*Cox* and the "at issue waiver" is inapposite in the present case. Defendants have not shown that Locey or the United States intend to rely on the chronology to present evidence to support their claims in this case. Indeed, Locey specifically averred that he had not reviewed the chronology to

---

[2] Defendants do not contend that the privilege was waived by the disclosure of the chronology to counsel for the United States.

refresh his recollection before his deposition. *See* Doc. No. 70-4 ¶ 5; Doc. No. 70-3 at 223.[3] As such, neither Locey nor the United States has put the chronology at issue. Therefore, on the record currently before the Court, the attorney-client privilege has not been waived.

Neither Locey nor the United States may rely on the attorney-client privilege as a shield to prevent discovery of the chronology and the information therein, then later use the chronology in evidence, to refresh Locey's testimony at trial, or in support of sworn statements that Locey may file in this case. Accordingly, Locey and the United States will not be permitted to introduce the chronology or any part of it into evidence, or permit Locey to review it to refresh his recollection after his deposition.

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[3] I cite to the pagination of the deposition transcript, not the pagination assigned when the deposition was electronically filed.